Opinion of the Court, by
Judge Owsley.
THE plaintiffs brought this action, as paupers, in the Fayette circuit court, to recover their freedom. On the trial they asserted their right to freedom, under an act of Pennsylvania, passed 1780, entitled “ an act for the gradual abolition of slavery” in that state: Also, under the following act of Virginia, passed in 1778.
§ 1. “ For preventing the further importation of slaves into this Commonwealth, Be it enacted by the General Assembly, that from and after the passing of this act, no slave or slaves shall hereafter be imported into this commonwealth, by sea or land, nor shall any slave so imported be sold or bought by any person whatever.
§ 2. Every person hereafter importing slaves into this commonwealth, contrary to this act, shall forfeit and pay the sum of one thousand pounds for every slave so imported; and every person selling or buying any such slaves, shall in like manner forfeit and pay the sum of five hundred pounds for every slave so sold or bought, one moiety of which forfeitures shall be to the use of the Commonwealth, and the other moiety to him or them that will sue for the same, to be recovered by action of debt or information in any court of record.
§ 3. And be it further enacted, That every slave imported into this Commonwealth, contrary to the true intent and meaning of this act, shall, upon such importation, become free.
§ 4. Provided, always, That this act shall not be construed to extend to those who may incline to remove from any of the United States, and become citizens of this: Provided, that within ten days after their removal into the same, they take the following oath, before some magistrate of this Commonwealth: I, A B, do swear that my removal to the State of Virginia, was with no intention to evade the act for preventing the further importation of slaves within this Commonwealth, nor have I brought with me, or will cause to be brought, any slaves with an intent of selling them, nor have any of the slaves now in my possession been imported from Africa,” &c.
And upon the motion of the defendant, the court instructed the jury, that if they should be satisfied from *148 the evidence in the cause, that Gilbert Simpson, under whom the defendant claims, brought the mother of the plaintiffs into Virginia when he removed from Pennsylvania, for his own use, and not for sale, he did not come within the meaning of the act of Virginia, so as to incur its forfeitures; and that the plaintiffs cannot maintain their action under the act of Pennsylvania, because of its penalties and forfeitures, which cannot be enforced in this state. We think the construction given to the act of Virginia utterly inadmissible. Was it not for the provisions contained in the fourth section of the act, no doubt could exist, but that upon the importation of any slaves into the state of Virginia, they would become free. Those only who come within the provisions of the provisoes, are exempted from the penalties and forfeitures of the act: It is not sufficient that they should have removed from any of the United States to Virginia, and brought with them slaves for their own use; but they must, to avoid the forfeiture, take the oath prescribed by the act, according to its provisions. We are also of opinion that the penalties and forfeitures, contained in the act of Pennsylvania, cannot preclude the plaintiffs from asserting their right to freedom under it in this state. The coercive act of the master in bringing them to this state, cannot alter their rights; cannot make them slaves, if they were free. To admit the construction given by the circuit court, would place it in the power of the master, at all times to evade the forfeitures of the act, and to keep in bondage and slavery those entitled to their freedom. It would only require a coercive transportation of a free man from the state of Pennsylvania to this state, to reduce him to a state of abject slavery. Such a construction cannot be recognized by this court. But it is urged for the defendant, that the plaintiffs cannot maintain a joint action, and for that cause the judgment should be affirmed. The rule is well established, that for an injury done two, where the wrong done one is no wrong to the other, they cannot join in an action, as in cases of trespass, assault and battery, &c. 1. Bac. 54. This is a case of that description. The plaintiffs’ right to freedom, is not joint but several. The wrong done one is no wrong to the other. They cannot maintain a joint action for their freedom. But we are of opinion the error in bringing a joint action, is not of that description, for which the judgment should be affirmed.
In other cases the proper course seems to be, a reversal of the erroneous judgment of the inferior court against the plaintiff’s right, with a direction to dismiss his suit, for his own irregularity.
*149 Were the proceedings on the part of the plaintiffs so erroneous, that the judgment against them, would not bar another action for the same cause, the judgment should be affirmed. But such is not the situation of the present cause. The judgment in this action would bar an action properly brought for the same cause. When such consequences would result to the plaintiffs, to affirm the judgment produced by the misdirection of the court to the jury, for the irregularity on their part, cannot be correct. But as they have been guilty of the first error, for which the judgment might have been reversed if obtained against the defendant, their action should have been dismissed by the court below before trial. It is, therefore, considered by the court, that the judgment of the circuit court of Fayette, is erroneous and must be reversed with costs; that the suit be remanded to that court, and the action of the plaintiffs dismissed.